UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| New Jersey Division of Youth and Family Services,<br>　　　　　Plaintiff,<br>v.<br><br>Lilliana Prown, et al.,<br>　　　　　Defendants. | Civ. No. 13-7776<br>OPINION |

THOMPSON, U.S.D.J.

　　This matter has come before the Court on the application of *pro se* Defendant Shawn Trapp to proceed *in forma pauperis*. (Doc. No. 1). The Court has reviewed the affidavit of indigence and the Complaint. (Doc. No. 1). Although the Court will grant Defendant's application to proceed *in forma pauperis*, the Court *sua sponte* remands the case.

BACKGROUND

　　Defendant seeks removal of state proceedings concerning child custody. Defendant alleges that the state court "willfully and consistently failed to set a prompt habeas corpus hearing to deal with the custody of the infant." (Doc. No. 1). In support of his motion, Defendant lists several allegations, including "systematic and premeditated deprivations of fundamental [r]ights guaranteed by the U.S. Constitution, by the Constitution of the State of Indiana, [. . .] and by federal law." (Doc. No. 1). According to Defendant, "[s]uch willful and consistent violations and deprivations of [Defendant's], and his child's, constitutional rights have been perpetrated since [Defendant] filed the above-mentioned state case for the custody of his minor child in approximately August 2011." (Doc. No. 1).

DISCUSSION

In considering applications to proceed *in forma pauperis*, the Court generally engages in a two-step analysis. *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). *Id.* Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e). *See id.*

1. **Application to proceed *in forma pauperis***

The filing fee for a civil case in the United States District of New Jersey is $350.00, with an additional $50.00 administrative fee. To avoid paying these fees, a party may submit an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. "In making such application, a [party] must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Simon v. Mercer Cnty. Comm. College*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011) (citing *United States ex rel. Roberts v. Pennsylvania*, 312 F. Supp. 1, 2 (E.D. Pa. Dec. 12, 1969)). A litigant need not be "absolutely destitute" to qualify. *Mack v. Curran*, 457 F. App'x 141, 144 (3d Cir. 2012) *cert. denied*, 133 S. Ct. 139 (2012) (internal quotations omitted).

It appears from his application that Defendant receives monthly unemployment insurance payments of $400.00 and has no assets. Upon review, the Court believes that Defendant has shown sufficient economic disadvantage to proceed *in forma pauperis*.

2. **Remand**

This Court is authorized to examine jurisdiction and remand the action *sua sponte*. *See* 28 U.S.C. § 1447 (c). Any "civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant [. . .]." 28 U.S.C. §

1441(a). A Notice of Removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant [. . .] in such action." 28 U.S.C. § 1446(a). A case shall be remanded to the state court if "it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The "removal statute 'is strictly construed against removal and all doubts should be resolved in favor of remand.'" *Bresko v. Bresko,* 2012 WL 664955, *2 (D.N.J. Feb.29, 2012) (quoting *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851 (3d Cir.1992)). The defendant bears the burden of demonstrating jurisdiction. *See* 28 U.S.C. §1446(a).

Defendant's claims appear to center on actions by the state court and would require this Court to examine the merits of the custody proceeding in state court or the state court appeals procedure. Therefore, this case should be remanded for two reasons: first, any determination of the merits of the custody dispute would involve a domestic relations matter; and second, the *Rooker-Feldman* doctrine prevents this Court from reviewing the state court's rulings.

    a. *Domestic Relations*

Federal courts do not have jurisdiction over some domestic relations matters. *Ankenbrandt v. Richards*, 504 U.S. 689, 702-04 (1992); *Mayercheck v. Judges of Pa. Sup. Ct.*, 395 Fed.Appx. 839, 842 (3d Cir. 2010); *Galtieri v. Kane*, No. 03-2994, slip op. at 3 (3d Cir. Mar. 4, 2004)(stating court has no jurisdiction over domestic relations matter even when complaint drafted in tort, contract, "or even under the federal constitution"). "[O]nly 'divorce, alimony, and child custody decrees' remain outside federal jurisdictional bounds." *Marshall v. Marshall*, 547 U.S. 293, 308 (2006) (citations omitted); *see also Andkerbrandt*, 504 U.S. at 701 ("recognizing the 'special proficiency developed by state tribunals . . . in handling issues that arise in the granting of [divorce, alimony, and child custody] decrees.'").

Therefore, the Court cannot hear the merits of the child custody proceedings.

b. *Rooker-Feldman*

Even if there was subject matter jurisdiction, this case would need to be remanded under the *Rooker-Feldman* doctrine because Defendant has failed to follow the proper appellate process. A losing party may seek review through the state appellate process and then seek certiorari to the United States Supreme Court. *D.C. Ct. of Apps. v. Feldman*, 460 U.S. 462, 482 (1983). A losing party may not "seek[] what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). "The *Rooker-Feldman* doctrine prohibits District Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling." *McAllister v. Allegheny County Fam. Div.*, 128 Fed.Appx. 901, 902 (3d Cir. 2005) (citations omitted). The doctrine will bar a claim in federal court when the claim: (1) "was actually litigated in state court prior to the filing of the federal action," or (2) "is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." *In re Knapper,* 407 F.3d 573, 580 (3d Cir.2005).

Here, Defendant appears to be asking this Court to either re-examine the state court proceeding or to review the state court's treatment of Defendant's claims. This Court cannot directly or indirectly review, negate, void, or provide relief that would invalidate decisions in the state court matter. *See, e.g.*, *White v. Sup. Ct. of N.J.*, 319 Fed.Appx. 171, 173 (3d Cir. 2009)(affirming dismissal of claim challenging state court decisions in plaintiff's child custody case). Therefore, the *Rooker-Feldman* doctrine applies and this Court must remand.

4

CONCLUSION

For the foregoing reasons, the Court will grant Defendant's application to proceed *in forma pauperis*, (Doc. No. 1), but will *sua sponte* dismiss the Complaint, (Doc. No. 1). An appropriate Order accompanies this Opinion.

*Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Dated: 1/21/14